IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH A. MOORE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TINA HORNBEAK, Warden,<br><br>　　　　Respondent.　　　　　　　　／ | No. C 09-03092 SBA (PR)<br><br>**ORDER TO SHOW CAUSE AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING IN FORMA PAUPERIS APPLICATION** |

　　　Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is seeking leave to file an in forma pauperis application.  She has also filed a motion for appointment of counsel.

　　　It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

　　　1.　　The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

　　　2.　　Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records

1  that have been transcribed previously and that are relevant to a determination of the issues presented
2  by the petition.

3       3.      If Petitioner wishes to respond to the Answer, she shall do so by filing a Traverse
4  with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer.
5  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty**
6  **(60) days** after the date Petitioner is served with Respondent's Answer.

7       4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer,
8  as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
9  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an
10 opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the
11 motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)**
12 **days** of receipt of any opposition.

13      5.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court
14 and Respondent informed of any change of address and must comply with the Court's orders in a
15 timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the
16 Court by mailing a true copy of the document to Respondent's counsel.

17      6.      Extensions of time are not favored, though reasonable extensions will be granted.
18 Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline
19 sought to be extended.

20      7.      Petitioner's motion for appointment of counsel is DENIED.  The Sixth Amendment
21 right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722,
22 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to
23 appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of
24 justice so require" and such person is financially unable to obtain representation.  The decision to
25 appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191,
26 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.
27 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting
28 it

2

to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

    8.    Petitioner's motion for in forma pauperis is GRANTED.

    9.    This Order terminates Docket nos. 2, 4.

IT IS SO ORDERED.

DATED: 1/12/10

                              SAUNDRA BROWN ARMSTRONG
                              United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH A. MOORE,<br><br>        Plaintiff,<br><br>  v.<br><br>TINA HORNBEAK et al,<br><br>        Defendant.<br>_____/ | Case Number: CV09-03092 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Judith A. Moore X20913
Valley State Prison for Women
P.O. Box 96
Chowchilla, CA 93610-0096

Dated: January 13, 2010

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk