IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUDITH A. MOORE,

    Petitioner,

 v.

TINA HORNBEAK, Warden,

    Respondent.
                                    /

No. C 09-03092 SBA (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

    Petitioner has filed a motion for appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

1 facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas
2 Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
3 when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
4 due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
5 Cir. 1965).

6     At this time, the Court is unable to determine whether the appointment of counsel is
7 mandated for Petitioner.  Accordingly, the interests of justice do not require appointment of counsel,
8 and Petitioner's request is DENIED.  This denial is without prejudice to the Court's sua sponte
9 reconsideration should the Court find an evidentiary hearing necessary following consideration of
10 the merits of Petitioner's claims.

11     This Order terminates Docket no. 10.

12     IT IS SO ORDERED.

13 Dated: 6/11/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  JUDITH A. MOORE,                              Case Number: CV09-03092 SBA

5              Plaintiff,                        **CERTIFICATE OF SERVICE**

6       v.

7  TINA HORNBEAK et al,

8              Defendant.                  /

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on June 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
   in the Clerk's office.

13

14

15
   Judith A. Moore X20913
16 Valley State Prison for Women
   P.O. Box 96
17 Chowchilla, CA 93610-0096

18 Dated: June 14, 2010
                                                 Richard W. Wieking, Clerk
19                                               By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.09\Moore3092.DenyAtty.frm            3