United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH A. MOORE, | No. C 09-03092 SBA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| TINA HORNBEAK, Warden, | |
| Respondent. | |

## INTRODUCTION

This matter is now before the Court for consideration of Petitioner's pro se petition for a writ of habeas corpus. Respondent has filed an answer to the petition. Petitioner has filed a traverse. For the reasons discussed below, the petition is DENIED as to all claims.

## BACKGROUND

**I.   Case History**

A Monterey County jury convicted Petitioner of transportation of a controlled substance, see Cal. Health and Safety Code § 11352, and possession of a controlled substance, see id. § 11350. People v. Moore, 2008 WL 54844 at *2 (Cal. App. 2008). She was found not guilty of possession of a controlled substance for sale. Id. She admitted the special allegation under section 12022.1 of the California Penal Code that she committed the above crimes while "released from custody on ... her own recognizance or on bail" for drug offenses. Id. Following trial on additional enhancement

allegations, the jury found the prior strike allegation, see Cal. Penal Code § 1170.12(c)(1), and the three prior prison term allegations, see id. § 667.5(b)), true. Moore, 2008 WL 54844 at *2. She subsequently pleaded guilty in a separate case to a charge of receiving stolen property. Id. The court sentenced her to a combined sentence on both convictions of twelve years and eight months. Id. at *3. The California Court of Appeal affirmed in a single opinion addressing both cases, id. at 1, and the California Supreme Court denied a petition for review (Resp't Ex. H). The California Supreme Court also denied Petitioner's state habeas petition. (Resp't Ex. J.)

The instant petition was filed on July 8, 2009. On January 13, 2010, the Court issued an Order to Show Cause why the writ should not be granted and denied Petitioner's motion for appointment of counsel. On October 28, 2010, Respondent filed an answer as well as a memorandum of points and authorities, and lodged the record with the Court. On February 25, 2011, Petitioner filed a traverse.

## II.     Statement of Facts[1]

Only the procedural facts of what happened at trial are relevant to Petitioner's claims; they will be set out below in the discussion below. The facts of the offense are, however, set out briefly here for context.

Petitioner was charged with transportation and possession of cocaine in a case SS041818A, and with receiving stolen property in case SS041349A. In the drug case, the only one relevant to the issues here, Seaside police obtained a warrant to search Petitioner, her vehicle, and her home for cocaine. Police stopped her vehicle and searched her, finding 6.11 grams of cocaine in rock form and $190.00 in currency. In her residence they found buds of marijuana and a razor blade with cocaine powder on it. Also found in the residence were a cup holder, a box, and a plastic bag

---

[1] The California Court of Appeal did not provide a summary of the facts of the offenses, as one was unnecessary for the issues raised on direct appeal. The facts of the offenses also are not relevant to the issues Petitioner raises here regarding the drug conviction, and she does not challenge the conviction for receiving stolen property, which will not be discussed further. Respondent provides in her memorandum of points and authorities a brief background taken from the probation report. The probation report is not included in the record lodged with the Court, but Petitioner has not disputed the quoted facts in her traverse. The facts set out here are taken from the probation report as quoted by Respondent.

2

containing cocaine residue. Drug paraphernalia was also found at the house.

## **DISCUSSION**

### **I.     Standard of Review for State Court Decisions**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits. Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004). It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court. See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

#### **A.     Section 2254(d)(1)**

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 402-04, 409 (2000). While the "contrary to" and "unreasonable application" clauses have independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

##### **1.     Clearly Established Federal Law**

"Clearly established Federal law, as determined by the Supreme Court of the United States"

3

refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412.  "[Section] 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id.  "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003).  If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law.  See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact that Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court.  Williams, 529 U.S. at 391.  There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65.  When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework.  See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000).

### 2. "Contrary To"

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13.  A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406.  Such a case should be analyzed under the "unreasonable application" prong of

§ 2254(d). See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### 3.  "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it. Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard. Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point). After Andrade,

> [t]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise. While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id. In examining whether the state court decision was unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

### B.  Sections 2254(d)(2), 2254(e)(1)

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim

5

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where a state court fails to consider and weigh highly probative, relevant evidence, central to a petitioner's claim, that was properly presented and made part of the state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(2) applies to an intrinsic review of a state court's fact-finding process, or situations in which the petitioner challenges a state court's fact-findings based entirely on the state court record, whereas § 2254(e)(1) applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court. See Taylor, 366 F.3d at 999-1000. In Taylor, the Ninth Circuit established a two-part analysis under §§ 2254(d)(2) and 2254(e)(1). Id. First, federal courts must undertake an "intrinsic review" of a state court's fact-finding process under the "unreasonable determination" clause of § 2254(d)(2). Id. at 1000. The intrinsic review requires federal courts to examine the state court's fact-finding process, not its findings. Id. Once a state court's fact-finding process survives this intrinsic review, the second part of the analysis begins by dressing the state court finding in a presumption of correctness under § 2254(e)(1). Id. According to the AEDPA, this presumption means that the state court's fact-finding may be overturned based on new evidence presented by a petitioner for the first time in federal court only if such new evidence amounts to clear and convincing proof a state court finding is in error. See 28 U.S.C. § 2254(e)(1). "Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." Taylor, 366 F.3d at 1000.

When there is no reasoned opinion from the highest state court to consider the Petitioner's claim, the Court looks to the last reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). Here, the California Court of Appeal was the highest state court to issue an explained opinion on Petitioner's claim.

## II. **Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through state collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). The Respondent concedes exhaustion. The Court, therefore, considers Petitioner's claims on the merits.

## III. **Legal Claims**

Petitioner raises six claims in her petition. She contends that: (1) Her rights were violated by the trial court's refusal to give the entirety of CALCRIM No. 2300, rather than just the portion of the instruction addressing transportation of a controlled substance; (2) her equal protection and due process rights were violated by the trial court's sequestering defense witnesses while allowing prosecution witnesses to remain in the courtroom; (3) the verdicts were inconsistent; (4) the sentencing court violated her due process and equal protection rights when it refused to strike a prior conviction; (5) the court should have excluded evidence of a subsequent arrest for drug offenses; and (6) appellate counsel was ineffective.

### A. **Instructional Error**

Petitioner contends that her rights were violated when the trial court refused to include the "sales" part of CALCRIM No. 2300 in the instruction given to the jury.

Petitioner was charged with violating section 11352(a) of the California Health & Safety Code. The relevant portion of that section reads:

> **§ 11352. Transportation, sale, giving away, etc., of designated controlled substances; punishment**
>
> (a) . . . [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years.

Cal. Health & Safety Code § 11352(a).

7

The trial court gave the following instruction, which is a variation of CALCRIM No. 2300:

> The defendant is charged in Count I with transporting cocaine base, a controlled substance.
> To prove that the defendant is guilty of this crime, the People must prove that:
> 1. The defendant transported a controlled substance;
> 2. The defendant knew of its presence;
> 3. The defendant knew of the substance's nature or character as a controlled substance;
> 4. The controlled substance was cocaine base[;]
> 5. The controlled substance was in a usable amount.
> A person transports something if he or she carries or moves it from one location to another, even if the distance is short.
> A usable amount is a quantity that is enough to be used by someone was a controlled substance. Useless traces or debris are not usable amounts. On the other hand, a usable amount does not have to be enough, in either amount or strength, to affect the user.
> The People do not need to prove that the defendant knew which specific controlled substance she transported, on that she was aware of the substance's presence and that it was a controlled substance.

(Ex. A, Vol 1 at 122.) This instruction did not include the other ways of violating section 11352(a), namely importing a controlled substance into the state, selling it, furnishing it, administering it, or giving it away. Petitioner's complaint involves, however, only the trial court's failure to include "selling" as a way of violating the statute.

Petitioner argues that the statute is not in the disjunctive, that only transportation of a controlled substance with the purpose of selling it is a violation. She asserts that because she was transporting the cocaine for personal use only, if the jury had been properly instructed she could not have been convicted. However, California law provides that the prohibited actions listed in the statute are indeed in the disjunctive; namely, that transporting a controlled substance, even without an intent to sell it, is a violation of section 11352. See People v. Rogers, 5 Cal.3d 129, 135 (1971) (holding prohibitions in predecessor statute – which used the same language – are in disjunctive and "nothing in that section exempts transportation (or importation) of marijuana for personal use."); People v. Gurrola, 218 Cal. App. 2d 349, 352 (1963) ("The prohibitions in the [predecessor] statute are in the disjunctive and not in the conjunctive."). The state courts' interpretation of California law is binding on this Court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Petitioner's argument here is that her rights were violated when the trial court failed to instruct on what she contends were some elements of the offense; but since the elements of the offense is a matter of state law, and state

8

1  law is contrary to her position, there could not have been a violation of her rights.  The state court's
2  rejection of this claim thus was not contrary to, or an unreasonable application of, clearly-
3  established United States Supreme Court authority.

### B. Sequestration of Witnesses

Petitioner contends that all prosecution witnesses were allowed in the courtroom while hers were sequestered.  The claim is without merit for two reasons.  First, Petitioner has not pointed to any part of the record that supports her factual allegation, and the Court has found none.  As such, she has not even shown that the events giving rise to her claim occurred.  Secondly, since there is no Supreme Court authority recognizing a constitutional right to sequestration of witnesses, the state court's rejection of this claim could not be contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.  The claim is without merit.

### C. Inconsistent Verdicts

Petitioner's third claim is based on her belief that she could not be convicted of transportation of a controlled substance under section 11352 if she was transporting the cocaine for personal use.  As discussed in section A, above, this is an incorrect reading of California law, and in any event her contention would present only a state law claim – indeed, she does not assert any federal basis for it. This claim is without merit. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

### D. Striking Prior

Petitioner contends that her Fourteenth Amendment rights were violated by the trial court's refusal to strike a prior conviction, which evidently would have made her eligible for probation and drug treatment.  Her argument is that she is an addict who never has received treatment, that her last "crime of moral turpitude" was as long ago as 1991, and that her performance on parole was good, not unsatisfactory as stated by the sentencing court.

There is no Supreme Court authority requiring a particular result on a discretionary matter such as this, and in any case a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.

9

1996); see also, Ely v. Terhune, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000) (holding claim that state court erred by refusing to strike prior conviction not cognizable on habeas review). So long as a state sentence "is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir.1976). Petitioner does not assert any of the proscribed grounds listed in Makal. The claim is rejected. See Estelle, 502 U.S. 67-68 (no federal habeas relief for violations of state law).

### E.     Admission of Evidence of Subsequent Bad Acts

Petitioner contends that the trial court should not have admitted evidence of a drug sale she participated in about a month after the events that gave rise to this case.

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). But see Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009) (Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ;" trial court's admission of irrelevant pornographic materials was "fundamentally unfair" under Ninth Circuit precedent but not contrary to, or an unreasonable application of, clearly established Federal law under § 2254(d)). But "[b]eyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation. [The Supreme Court therefore has] defined the category of infractions that violate 'fundamental fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990).

Failure to comply with state rules of evidence is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds. Henry, 197 F.3d at 1031; Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). While adherence to state evidentiary rules suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have a fair trial even when state standards are violated; conversely, state procedural and evidentiary rules may countenance processes that do not comport with fundamental fairness. Jammal, 926 F.2d at 919 (citing Perry v. Rushen, 713 F.2d 1447, 1453 (9th Cir. 1983). Only if there are no permissible

10

inferences that the jury may draw from the evidence can its admission violate due process, however. Id. at 920.

The trial court denied a defense motion to exclude a police officer testimony about the drug sale. (Ex. B, Vol. 4 at 774.) The court gave a limiting instruction at the time of the officer's testimony, instructing the jury that the evidence was admitted only as going to the intent with which Petitioner possessed cocaine the month before. (Id. at 870.) The court then gave a more extensive limiting instruction as part of the jury instructions after the close of evidence, in which, among other things, the jury was instructed that it could consider the testimony about the July sale only for the purpose for which it was admitted, and explicitly that it could be considered only "for the limited purpose of establishing intent to possess cocaine base for sale." (Ex. A, Vol. 1 at 228.)

Juries are presumed to follow a court's limiting instructions with respect to the purposes for which evidence is admitted, at least absent extreme circumstances not present here. See Aguilar v. Alexander, 125 F.3d 815, 820 (9th Cir. 1997). The trial court's instruction told the jury that the evidence could be considered only as to Petitioner's "intent to possess cocaine base for sale." (Ex. A, Vol. 1 at 228.) Petitioner was acquitted on the charge of possession for sale. People v. Moore, 2008 WL 54844 at *2. Because the jury is presumed to have followed the limiting instruction and not considered the evidence as to any other charges, the evidence could not have contribed to her conviction of the other charges. That is, the error in admission of the evidence, if any, could not have had a substantial and injurious effect or influence on the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (standard for federal habeas harmless error).

Furthermore, even if it is assumed that the evidence was propensity evidence, the United States Supreme Court has left open the question of whether admission of propensity evidence violates due process. Estelle, 502 U.S. 62, 75 n.5. Based on the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence — such as petitioner's subsequent drug sale — is not clearly established as required by AEDPA. Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006). The state court's rejection of this claim thus could not have been contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

### F. **Ineffective Assisance of Appellate Counsel**

Petitioner contends that appellate counsel was ineffective in not raising the above issues on direct appeal.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland v. Washington, 466 U.S. 668, 668 (1984); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986). A defendant therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he or she would have prevailed on appeal. Miller, 882 F.2d at 1434 & n.9 (citing Strickland, 466 U.S. at 694; Birtle, 792 F.2d at 849).

Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983). The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. See id. at 1434. Appellate counsel therefore will frequently remain above an objective standard of competence and have caused the client no prejudice for the same reason--because he or she declined to raise a weak issue. Id.

Because the Court has determined above that all Petitioner's claims lack merit, her appellate counsel's failure to raise them on appeal was neither deficient nor prejudicial under the Strickland standard. Consequently, petitioner did not receive ineffective assistance of counsel on appeal, and she is not entitled to habeas relief on this claim.

### **CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Furthermore, no certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of her claims debatable or wrong. See

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 6/20/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUDITH A. MOORE,

        Plaintiff,

v.

TINA HORNBEAK et al,

        Defendant.

Case Number: CV09-03092 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Judith A. Moore X-20913
Valley State Prison for Women
P.O. Box 92
Chowchilla, CA 93610

Dated: July 24, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Moore3092.deny-gaw.wpd